ACCEPTED
15-25-00036-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/7/2025 3:47 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00036-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/7/2025 3:47:49 PM
CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals
Fifteenth Court of Appeals District

**JORGE R. GUEVARA, M.D.,**
*Appellant*

*v.*

**TEXAS MEDICAL BOARD,**
*Appellee*

On Appeal from Cause No. D-1-GN-23-007371
In the 353rd Judicial District Court, Travis County
The Honorable Sherine Thomas, Judge Presiding

## APPELLANT'S REPLY BRIEF

Jason Davis
State Bar No. 00793592
E-mail: *jdavis@dslawpc.com*
Hayley Ellison
State Bar No. 24074175
E-mail: *hellison@dslawpc.com*
DAVIS & SANTOS, PLLC
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

*Attorneys for Appellant*

*ORAL ARGUMENT <u>NOT</u> REQUESTED*

# Table of Contents

Table of Contents..................................................................................................2

Index of Authorities ............................................................................................3

Summary of the Reply...........................................................................................5

Reply.....................................................................................................................6

    I.      The TMB exceeded the scope of its delegated authority by disciplining Dr. Guevara for conduct unconnected with his medical practice. ........................................................................ 6

            A.     Dr. Guevara's performance as RSO was not connected with his practice of medicine. ...........................7

            B.     Dr. Guevara's performance as MAB's owner was not connected with his practice of medicine. ...........................8

            C.     The TMB's authorities are inapposite. ............................. 10

    II.    Substantial evidence does not support the TMB's findings.................. 12

    III.   The imposition of penalties was unreasonable, arbitrary, and capricious......................................................................................... 14

Prayer ................................................................................................................. 17

Certificate of Compliance.................................................................................. 18

Certificate of Service ......................................................................................... 18

# Index of Authorities

## Cases

*Aleman v. Tex. Med. Bd.*,
573 S.W.3d 796 (Tex. 2019) ...........................................................*passim*

*Baptist Mem'l Hosp. Sys. v. Sampson*,
969 S.W.2d 945 (Tex. 1998) ..................................................................... 9

*Bd. of L. Exam'rs v. Stevens*,
868 S.W.2d 773 (Tex. 1994) ................................................................... 16

*City of El Paso v. Pub. Util. Comm'n*,
883 S.W.2d 179 (Tex. 1994) ................................................................... 14

*Dunn v. Pub. Util. Comm'n*,
246 S.W.3d 788 (Tex. App.—Austin 2008, no pet.) ................................. 14

*Lane v. Tex. Med. Bd.*,
No. 03-21-00593-CV, 2023 WL 4214945
(Tex. App.—Austin June 28, 2023, pet. denied) ....................................... 10

*Save Our Springs All., Inc. v. TCEQ*,
713 S.W.3d 308 (Tex. 2025) ................................................................... 11

*Tex. Dep't of Ins. v. State Farm Lloyds*,
260 S.W.3d 233 (Tex. App.—Austin 2008, no pet.) ............................14, 16

*Tex. Health Facilities Comm'n v. Charter-Med.-Dall., Inc.*,
665 S.W.2d 446 (Tex. 1984) ................................................................... 11

**<u>Statutes</u>**

TEX. GOV'T CODE §§

2001.141(b)........................................................................... 11

2001.1721 ............................................................................... 7


TEX. OCC. CODE §§

157.001(a) .............................................................................. 9

157.001(b) .............................................................................. 9

157.005 ................................................................................... 9

164.051(a) .............................................................................. 6

164.053 ..................................................................... 6, 8, 11

601.002 ................................................................................. 12

**<u>Regulations</u>**

25 TEX. ADMIN. CODE §§

289.230(r)............................................................................. 12

289.230(t) ...................................................................... 13, 14

289.230(u)–(w)..................................................................... 13

289.252(f) ............................................................................... 7

4

## Summary of the Reply

The central question in this appeal is whether the Texas Medical Board ("TMB") exceeded its legislatively delegated authority by disciplining a physician for conduct unrelated to his practice of medicine. The answer is *yes*.

In its appellate brief, the TMB concedes it disciplined Dr. Jorge Guevara exclusively for his conduct as the owner of a multi-discipline medical office ("MAB") and as its radiology department's Radiation Safety Officer ("RSO"), a position that may be held by anyone with a bachelor's degree or equivalent training. Dr. Guevara, however, practices family medicine and did not treat patients in MAB's radiology department.

The Supreme Court of Texas has held the TMB abuses its discretion by disciplining a physician without statutory authority to do so. *See Aleman v. Tex. Med. Bd.*, 573 S.W.3d 796, 806 (Tex. 2019). By disciplining a physician for conduct not "connected with" his practice of medicine, the TMB exceeded the authority delegated to it by the legislature. The trial court affirmed the TMB's overreach, and this Court should reverse.

# Reply

## I. The TMB exceeded the scope of its delegated authority by disciplining Dr. Guevara for conduct unconnected with his medical practice.

The TMB may discipline a physician for "engaging in unprofessional conduct that [i]s likely to deceive or defraud the public." TEX. OCC. CODE §§ 164.051(a)(1), 164.052(a)(5). That includes violating state or federal law if the conduct is "connected with the practice of medicine in a manner that makes it likely to deceive or defraud the public." *See Aleman*, 573 S.W.3d at 804 (interpreting TEX. OCC. CODE § 164.053(a)(1)). The supreme court has held the TMB abuses its discretion by disciplining a physician based on an "overly broad interpretation" of this authority. *Id.* at 805–06.

In its brief, the TMB concedes it did not discipline Dr. Guevara for his conduct as a physician but rather entirely for his conduct as MAB's RSO and owner. *See* Appellee Br. at 19. The TMB argues Dr. Guevara's performance in these non-physician roles was nevertheless connected with his practice of medicine in a manner likely to deceive or defraud the public. As it did in the *Aleman* case, the TMB is taking an overly expansive view of its own delegated authority.

### A. Dr. Guevara's performance as RSO was not connected with his practice of medicine.

An RSO does not practice medicine. *See* 25 TEX. ADMIN. CODE § 289.252(f)(7)(A)–(C) (an RSO may be qualified with only a bachelor's or master's degree or 2 years of applied health physics experience). In fact, an RSO need not even be present when medical treatment is provided in a radiology department. *See id.* § 289.252(f)(5), (6) (requiring the RSO to be on site only "periodically" and in emergencies).

The TMB argues Dr. Guevara's purported failures as an RSO are necessarily connected to his practice of medicine because his "responsibilities as an RSO and a physician overlapped." Appellee Br. at 20. But the TMB does not explain how those responsibilities overlapped. And even if they did overlap, the TMB appears to take the position that any time a physician serves as an RSO, he may be disciplined as a physician for any alleged failures in that non-physician role. That's like saying a lawyer should be subject to disbarment for making bad calls as a peewee football referee.

There is simply no statutory authority justifying such an expansive view of the TMB's regulatory authority.[1] Further, the practical impact of the TMB's

---

[1] Tellingly, the TMB cites Texas Government Code section 2001.1721 ("Judicial Review of Question of Law"), a tacit admission that whether the TMB's authority extends that far is a question of law subject to *de novo* review. *See* TEX. GOV'T CODE § 2001.1721(a)

decision will be to discourage physicians from serving as RSOs or in any other role not reserved exclusively for physicians.

### B. Dr. Guevara's performance as MAB's owner was not connected with his practice of medicine.

The TMB also claims a physician may be disciplined for the conduct of other physicians working for a medical practice he owns. But the TMB does not identify anything authorizing it to discipline a physician for the conduct of another physician.

Instead, the TMB appears to rely on Occupations Code section 164.053(a), which defines unprofessional or dishonorable conduct likely to deceive or defraud the public as including, among other things: "delegate[ing] professional medical responsibility or acts to a person if the delegating physician knows or has reason to know that the person is not qualified by training, experience, or licensure to perform the responsibility or acts." TEX. OCC. CODE § 164.053(a)(9); *see also* Appellee Br. at 19. The TMB apparently argues Dr. Guevara knew or should have known Dr. Allan Kapilivsky, MAB's lead interpreting physician, was not qualified to perform that role.

---

(enacted in 2025 to clarify that courts reviewing agency decisions review questions of law *de novo*, without giving deference to any legal determination made by a state agency).

Dr. Guevara, however, did not "delegate professional medical responsibility or acts" to Dr. Kapilivsky. The Occupations Code gives a physician authority to delegate certain medical acts to "a qualified and properly trained person acting under the physician's supervision" who "*does not represent to the public that [he or she] is authorized to practice medicine*." TEX. OCC. CODE § 157.001(a)(2) (emphasis added). In such cases, the delegating physician "remains responsible for the medical acts" delegated, and the person to whom the acts are delegated is not considered to be practicing medicine. *Id.* §§ 157.001(b), 157.005.

Dr. Kapilivsky was not Dr. Guevara's delegee but rather a licensed physician responsible for his own patients. *See CR 227* (TMB brief on the merits acknowledging Dr. Kapilivsky was MAB's lead interpreting physician). While a physician's employer may be civilly liable for his negligence in some circumstances,[2] the TMB does not identify any basis for imposing professional discipline upon a physician's employer simply because he also happens to be a physician.

---

[2] *See, e.g., Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 948 (Tex. 1998) ("[A] hospital may be vicariously liable for the medical malpractice of independent contractor physicians when plaintiffs can establish the elements of ostensible agency.").

## C.    The TMB's authorities are inapposite.

The TMB attempts to distinguish the supreme court's seminal decision in *Aleman*, in which it expressly criticized the TMB's "overly broad interpretation" of its own authority. 573 S.W.3d at 805. According to the TMB, *Aleman* is unlike this case because Dr. Aleman's "oversight" was merely administrative and would not harm patients. Appellee Br. at 21–22. In contrast, the TMB argues Dr. Guevara's purported failures "likely harmed his patients." *Id.* at 22. But there is *no evidence* anyone was harmed by Dr. Guevara's performance as RSO.

The TMB also relies on the Austin Court of Appeals' decision in *Lane v. Texas Medical Board*, in which the TMB disciplined a psychiatrist in private practice who ignored a patient's repeated demands for return of her medical records. No. 03-21-00593-CV, 2023 WL 4214945, at *1 (Tex. App.—Austin June 28, 2023, pet. denied). Distinguishing *Aleman*, the court concluded maintaining patient records is plainly connected with the practice of medicine, and a foreseeable consequence of failing to return those records upon request is that the patient's next physician will be deceived by lack of information. *Id.* at *8.

Unlike the psychiatrist in *Lane*, however, Dr. Guevara did not neglect any duties to patients because he did not treat any patients in MAB's radiology department—that was Dr. Kapilivsky's job.

The TMB nevertheless argues Dr. Guevara's purported failures as RSO "likely harmed" his family-practice patients because he referred some of those patients to MAB's radiology department. Appellee Br. at 22. The TMB, however, does not explain how referring patients to another licensed physician for treatment in a different practice area can subject him to discipline.

Indeed, Occupations Code section 164.053's laundry list of conduct likely to deceive or defraud the public does not include referring patients to other physicians. *See* TEX. OCC. CODE § 164.053(a). If it did, that would effectively impose a duty on every physician to independently assess the qualifications of another physician in another practice area before referring a patient to him or risk discipline for the other physician's treatment. That is not (and should not be) the law.

By disciplining Dr. Guevara for conduct unconnected with his practice of medicine, the TMB exceeded the bounds of its delegated authority. The trial court erred by ratifying that overreach. *See Aleman*, 573 S.W.3d at 806 (holding

11

the TMB abuses its discretion by disciplining a physician without statutory authority to do so). This Court should reverse.

## II. Substantial evidence does not support the TMB's findings.

Even if the TMB had not exceeded its authority (it did), its final order is fatally deficient for failing to contain factual findings that are "'clear, specific, non-conclusory, and supportive of the ultimate statutory findings.'" *Save Our Springs All., Inc. v. TCEQ*, 713 S.W.3d 308, 327 (Tex. 2025) (quoting TEX. GOV'T CODE § 2001.141(b); *Tex. Health Facilities Comm'n v. Charter-Med.-Dall., Inc.*, 665 S.W.2d 446, 452 (Tex. 1984)).

In its brief, the TMB does not address this deficiency head-on. It instead attempts to show its work after the fact, arguing Dr. Guevara, "*as MAB's RSO*," failed to ensure MAB's radiology department personnel were adequately trained and complying with regulatory requirements. *See* Appellee Br. at 25 (emphasis added). Again, whether Dr. Guevara was a competent RSO has nothing to do with whether he failed to use proper diligence *in his professional practice as a physician*.

The TMB identifies several purported failures of Dr. Guevara in his role as RSO. For instance, the TMB argues Dr. Guevara failed to ensure a licensed physician supervised MAB's radiology technicians, citing only the definitions of

12

"medical radiologist technologist" and "practitioner" in the Occupations Code. *Id.* at 25 (citing TEX. OCC. CODE § 601.002(6), (7)). The TMB also argues Dr. Guevara failed as MAB's RSO to ensure MAB employed qualified personnel, citing 25 TEX. ADMIN. CODE § 289.230(r)(2). *Id.* at 28. That provision, however, addresses prior approval for self-referral mammography, not qualified personnel. *See* 25 TEX. ADMIN. CODE § 289.230(r)(2).

Notably, the TMB does not cite any statute or regulation requiring an RSO to ensure a licensed physician supervises radiology technicians or employs qualified personnel. But even if those are an RSO's duties and assuming *arguendo* that the evidence demonstrates Dr. Guevara was deficient in performing them, the TMB's findings of fact do not tie that purported deficiency to Dr. Guevara's practice of medicine.

The TMB next argues Dr. Guevara failed to ensure MAB's radiology department established and maintained a quality assurance and control program. *Id.* at 26 (citing TEX. OCC. CODE § 289.230(u)–(w)). But the TMB acknowledges that responsibility for the quality assurance program may be assigned to a lead interpreting physician, and the evidence shows MAB assigned that responsibility to Dr. Kapilivsky. *CR 187 (citing AR TMB Ex. 42 at TMB0001837–44, AR TMB Ex. 44 at TMB0002055).* Even if, as the TMB argues,

13

Dr. Guevara failed to ensure Dr. Kapilivsky did his job, that has nothing to do with Dr. Guevara's *practice of medicine* in another department.

Finally, the TMB argues Dr. Guevara failed as MAB's RSO to ensure MAB communicated mammography results to patients within 30 days, citing 25 TEX. ADMIN. CODE § 289.230(t). *See* Appellee Br. at 28, 30. That provision, however, relates to operating and safety procedures for employees. *See* 25 TEX. ADMIN. CODE § 289.230(t). Regardless, the evidence is uncontroverted that Dr. Guevara is not a radiologist. *CR 198 (citing AR HOM at 57:16–58:16).* Assessing imaging quality and supervising technologists was not part of Dr. Guevara's medical practice. *CR 198 (citing AR HOM at 57:16–58:16); see also CR 35 ¶ 8 (DSHS FOF 14).*

The TMB therefore has not demonstrated any basis to discipline a physician for the deficiencies of a radiology practice in which he does not practice as a physician. The TMB's finding that Dr. Guevara was not diligent in his practice of medicine is therefore unsupported by substantial evidence and is arbitrary and capricious. *See Save Our Springs*, 713 S.W.3d at 327.

### III. The imposition of penalties was unreasonable, arbitrary, and capricious.

Even if there were substantial evidence supporting the TMB's decision (there isn't), the penalty assessed would still be arbitrary and capricious because

it is unreasonable. *See Tex. Dep't of Ins. v. State Farm Lloyds*, 260 S.W.3d 233, 245 (Tex. App.—Austin 2008, no pet.) ("[A]n agency decision may be found to be arbitrary and capricious . . . if the agency reached an unreasonable result.") (citing *City of El Paso v. Pub. Util. Comm'n*, 883 S.W.2d 179, 184 (Tex. 1994); *Dunn v. Pub. Util. Comm'n*, 246 S.W.3d 788, 791 (Tex. App.—Austin 2008, no pet.)).

The penalty assessed in this case is unreasonable because it bars Dr. Guevara from continuing to own his own business. To comply, he must either divest from MAB entirely, or MAB must close its radiology department. This penalty actually punishes MAB the business beyond what the Texas Department of State Health Services found was appropriate following its own investigation. *See CR 189 (citing AR TMB Ex. 44 at TMB0002061–62)* (TDSHS assessed an administrative penalty and MAB promptly paid it).

The TMB responds that the penalty is appropriate because it was "tailored" to prevent the "risk to patient health [posed by Dr. Guevara] when being associated with imaging services." Appellee Br. at 32. Again, Dr. Guevara is not a radiologist and did not practice medicine in MAB's radiology department. *CR 198 (citing AR HOM at 57:16–58:16); see also CR 35 ¶ 8 (DSHS FOF 14).* The TMB nevertheless argues Dr. Guevara's family-medicine practice was

"directly connected" to the radiology department's failings because he referred patients to it. Appellee Br. at 32–33.

But even barring Dr. Guevara from owning MAB or its radiology practice would not preclude him from referring patients to radiology (including at MAB). If merely referring patients to MAB's radiology department was Dr. Guevara's only professional failure, then the TMB's penalty does not address or remedy that failure at all.

Further, the TMB's reliance upon *Board of Law Examiners v. Stevens* is misplaced. *See* Appellee Br. at 35 (citing *Bd. of L. Exam'rs v. Stevens*, 868 S.W.2d 773, 777–78 (Tex. 1994)). In that case, the court concluded the board of law examiners' determination of a candidate's character and fitness is a decision best committed to the board's discretion. *Stevens*, 868 S.W.2d at 778. The *Stevens* decision does not, however, absolve the TMB (or any other state agency) of its obligation to impose only reasonable sanctions. *See State Farm Lloyds*, 260 S.W.3d at 245. The TMB failed to do so here.

Because the penalty assessed in this case is unreasonable in light of the conduct at issue, the TMB's decision is arbitrary and capricious. *See id.* This Court should set it aside.

## Prayer

Courts must reverse any agency decision that is an abuse of discretion, is unsupported by substantial evidence, or is arbitrary, capricious, or unreasonable. The TMB's final order is all these things, and this Court should reverse and vacate it in its entirety.

Dated: November 7, 2025.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/Hayley Ellison*
Jason Davis
State Bar No. 00793592
E-mail : *jdavis@dslawpc.com*
Hayley Ellison
State Bar No. 24074175
E-mail: *hellison@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Appellant***

## Certificate of Compliance

Pursuant to Texas Rule of Appellate Procedure 9.4, I certify that this brief contains 2,524 words.

/s/ *Hayley Ellison*
Hayley Ellison

## Certificate of Service

Pursuant to Texas Rule of Appellate Procedure 9.5, I certify that on November 7, 2025, I served a true and correct copy of this document on the following parties and counsel of record via the e-file system:

Kathy Johnson
E-mail: *Kathy.Johnson@oag.texas.gov*
Ted Ross
E-mail: *Ted.Ross@oag.texas.gov*
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711
Tel.: (512) 475-4191

/s/ *Hayley Ellison*
Hayley Ellison

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Devin Rivera-Duque on behalf of Hayley Ellison
Bar No. 24074175
drivera-duque@dslawpc.com
Envelope ID: 107817990
Filing Code Description: Response
Filing Description: Appellant's Reply Brief
Status as of 11/7/2025 3:51 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason M.Davis | | jdavis@dslawpc.com | 11/7/2025 3:47:49 PM | SENT |
| Ted Ross | 24008890 | Ted.Ross@oag.texas.gov | 11/7/2025 3:47:49 PM | SENT |
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 11/7/2025 3:47:49 PM | SENT |
| Hayley Ellison | | Hellison@dslawpc.com | 11/7/2025 3:47:49 PM | SENT |
| Katherine Johnson | 24126964 | kathy.johnson@oag.texas.gov | 11/7/2025 3:47:49 PM | SENT |